IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RANDOLPH MILLER,

        Petitioner,

v.                                                    Civil Action No. 1:08cv174
                                                    (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.


**REPORT AND RECOMMENDATION**

This § 2241 habeas corpus petition is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.09, et seq. In the petition, the petitioner seeks relief from a conviction and sentence imposed by the United States District Court for the Northern District of Georgia. As grounds therefor, the petitioner asserts that he is actually innocent of his firearm conviction under 18 U.S.C. § 924(c)(1), because pursuant to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), use of a firearm involves the active employment of the weapon. In addition, the petitioner asserts that he is actually innocent of his conviction under 18 U.S.C. § 2114, because pursuant to the Supreme Court's decision in Schlup v. Delo, 513 U.S. 298 (1995), there was insufficient evidence to support the charge.

In the petition, the petitioner challenges the validity of his conviction and sentence and acknowledges that he has applied for relief under 28 U.S.C. § 2255 in the Court that sentenced him. Petitioners' motion under § 2255 was denied. It is clear that one reason the petitioner is now pursuing relief in this Court under § 2241 is the fact that filing another motion under § 2255 in the

sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. Under these circumstances the petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 says that an application such as this one "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . "

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Both Bailey and Schlup were decided prior to the time the petitioner was

2

sentenced, and prior to the time his direct appeal and § 2255 motion were decided. See United States v. Miller, 1:95cr145 (N.D.Ga. 1995).[1] Accordingly, § 2255 is not inadequate or ineffective to test the legality of the petitioner's detention nor has the petitioner been denied the opportunity to prove his actual innocence. Petitioner simply does not like the outcome of his prior proceedings and is trying to circumvent the restrictions of the Antiterrorism and Effective Death Penalty Act by filing a petition pursuant to § 2241 in this Court. Consequently, the petitioner has improperly filed a § 2241 petition in this Court and the petition should be dismissed.

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition (dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

---

[1] Bailey was decided on December 6, 1995. The petitioner was sentenced on January 30, 1996, and his direct appeal was filed the next day. The petitioner's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on August 15, 1997. The petitioner filed his motion under § 2255 on July 20, 1998. That motion was denied on June 25, 2001.

docket.

DATED: September 3, 2008.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE