IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDOLPH MILLER,**

    **Petitioner,**

**v.**                                          **Civil Action No. 1:08CV174**
                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 28, 2008, pro se petitioner Randolph Miller ("Miller"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking relief from a conviction and sentence imposed by the United States District Court for the Northern District of Georgia. The Court referred this matter to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On September 3, 2008, Magistrate Judge Joel issued a Report and Recommendation ("R&R") recommending that Miller's § 2241 petition be denied and the case be dismissed with prejudice.

After receiving an extension of time, Miller filed timely objections on October 9, 2008. Accordingly, the Court now reviews the R&R and objections de novo.

Miller seeks to overturn his underlying convictions and sentence on the basis that those convictions are invalid under two

**ORDER ADOPTING R&R**

United States Supreme Court cases, Baily v. United States, 516 U.S. 137 (1995), and Schlup v. Delo, 513 U.S. 298 (1995). Without reaching the merits of those claims, Magistrate Judge Joel concluded that Miller's § 2241 petition is barred by the prohibition on successive petitions in 28 U.S.C. § 2255. Miller admits that he has previously filed a § 2255 petition that was reviewed and denied. As Magistrate Judge Joel found, once a § 2255 petition has been brought and denied, a petitioner, such as Miller, is barred from bringing a second or successive § 2255 petition without first obtaining leave from the appropriate court of appeals. 28 U.S.C. § 2255(e) & (h).

    Miller attempts to evade the bar on successive § 2255 petitions, however, by bringing his claims in the guise of a § 2241 petition. "[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). The Fourth Circuit has set forth a test for determining when this "savings clause" of § 2255 applies:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §

    2255 because the new rule is not one of constitutional
    law.

Id. at 333-334.

In applying this test to the instant case, Magistrate Judge Joel found that the substantive law on which Miller relies as the basis for overturning his convictions was, in fact, in effect at the time of his sentence and direct appeal. Miller was sentenced on January 30, 1996, and both Supreme Court opinions issued in 1995. Thus Miller fails to meet the first prong of the Jones test, and is precluded from bringing these claims in a § 2241 petition.

In his objections to the R&R, Miller first argues that the Magistrate Judge applied the wrong legal standard in determining whether the "savings clause" of § 2255(e) should be applied in this case. He argues that the applicable law is found in the test set forth by the Eleventh Circuit, the circuit in which he was convicted. In Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Miller fails to recognize, however, that even if the Wofford test is applied, he is still unable to show that the "savings

clause" of § 2255(e) applies in this case, for the same reasons that he fails to meet the first prong of the Jones test.  The two Supreme Court decisions on which Miller is relying both issued prior to his sentencing, and thus there is no "retroactively applicable Supreme Court decision" at issue here.  See Wofford, 177 F.3d at 1244.

Miller's remaining objections are equally unpersuasive.  He argues that Magistrate Judge Joel abused his discretion by stating that Miller "simply does not like the outcome of his prior proceedings and is trying to circumvent the restrictions of the Antiterrorism and Effective Death Penalty Act by filing a petition pursuant to § 2241 in this Court," and that this statement is a mis-characterization of Miller's position.  R&R 3.

Because Magistrate Judge Joel correctly found that Miller is barred from bringing a second, or successive, § 2255 petition, and because his case does not present a situation in which § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' see § 2255(e), thus entitling him to raise these claims in the context of a § 2241 petition, the Court **ADOPTS** the R&R (dkt. no. 5) in its entirety.  It therefore **DENIES** the § 2241 petition, and **DISMISSES WITH PREJUDICE** this case from the Court's docket.

It is so **ORDERED**.

**ORDER ADOPTING R&R**

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the pro se petitioner, certified mail, return receipt requested.

DATED: October 17, 2008.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE